UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN P. SHOEMAKER, | ) | CASE NO. CV 07-05849 MMM (RZ) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ROBERT TAYLOR, ETC., | ) ) | |
| Respondent. | ) ) | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, records on file, and the Report and Recommendation and Supplemental Report and Recommendation of United States Magistrate Judge Ralph Zarefsky. Further, the court has engaged in a de novo review of those portions of the Report and Supplemental Report to which Petitioner has objected. Finally, the court has reviewed Petitioner's Notice of Supplemental Authority, and considered whether that authority requires a different outcome than that recommended by Judge Zarefsky.

As respects the supplemental authority, *People v. Gerber*, 196 Cal.App.4th 368 (2011), the court notes first that on July 28, 2011, the California Supreme Court, on its own motion, extended the time for granting review to and including October 6, 2011, pursuant

to Rule 8.512(c) of the California Rules of Court. See *People v. Gerber*, No. S195160.[1] Should the California Supreme Court grant review, the opinion of the California Court of Appeal would be vacated. Until the Supreme Court decides whether to grant review, moreover, the Court of Appeal cannot issue a remittitur. Thus, the precedential value of the Sixth Appellate District's opinion cannot presently be determined.

Additionally, the holding of *Gerber* concerns the proper construction to be given to California Penal Code § 311.11(a). The issue raised in the habeas petition pending before the court is a constitutional one – whether petitioner's convictions violated the First Amendment.[2] While the California Court of Appeal suggests that its construction of § 311.11(a) is required to avoid constitutional infirmities, citing *New York v. Ferber*, 458 U.S. 747 (1982), and *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), it acknowledges that the precise issue before it was *not* decided by the United States Supreme Court in *Free Speech Coalition.* See *Gerber*, 196 Cal.App.4th at 386 ("In *Free Speech Coalition*, the United States Supreme Court had no occasion to decide whether possession of adult pornography edited by superimposing an actual child's head on an adult body is protected by the First Amendment. In that case, there was 'no underlying crime at all' and it did not need to 'consider where to strike the balance. . .'"). The fact that "there is no holding from the United States Supreme Court commanding that 'morphed' images . . . [cannot] form the basis of a conviction for possession of child pornography" is the central conclusion of Judge Zarefsky's Report and Recommendation,[3] a conclusion with which this

---

[1] See California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1986764&doc_no=S195160 (last visited August 4, 2011).

[2] The petition raises a second issue – the sufficiency of the evidence. This aspect of the Report and Recommendation is not affected by the *Gerber* decision.

[3] See Report and Recommendation at 8. See also *id.* at 6-7 ("No such clearly established federal law required an instruction that 'morphed' or altered images, or images that did not actually depict proscribed sexual conduct taking place at the time the images were created, were constitutionally protected by the First Amendment," citing *Free Speech Coalition*, 535 U.S. at 242); *id.* at 8 ("The lack of clearly established federal law on this issue is fatal to this claim. . . . Absent such controlling Supreme Court authority, the state courts' denial of this claim was not contrary to, nor an unreasonable application

1  court agrees.[4]  The court thus concludes that the *Gerber* opinion, assuming it remains citable California precedent, does not demonstrate that the state courts' denial of petitioner's constitutional claim was contrary to, or an unreasonable application of, clearly established federal law.[5]

For the reasons set forth in the Report and Recommendation, and the further reasons stated in this order, the court accepts Judge Zarefsky's findings and recommendations.

DATED: August 5, 2011

*Margaret M. Morrow*
_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

of, clearly established federal law").

[4]The court notes, moreover, that in *Free Speech Coalition*, 535 U.S. at 242, the Supreme Court, while not deciding the question, stated that morphed images – i.e., images created by "alter[ing] innocent pictures of real children so that the children appear to be engaged in sexual activity" – "may fall within the definition of virtual child pornography, they implicate the interests of real children and are in that sense closer to the images in *Ferber*." *Id.*  Here, the Appellate Division stated that the "[t]estimony at trial was that the images were of real children."  (See Lodgment No. 6.)

[5]To the extent *Gerber* suggests that petitioner's convictions on counts 13 and 23 were based on an erroneous construction of Penal Code § 311.11, federal habeas relief is not available to correct errors of state law.  To the extent there is a federal claim that petitioner could assert based on the *Gerber* court's construction of the statute, it is a claim that has not been exhausted.